**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
KEVIN JACKSON and BOBBY BROWN,      :
                                    :  Civil Action No. 06-782 (MLC)
            Plaintiffs,             :
                                    :
       v.                           :       **O P I N I O N**
                                    :
JAMES MCGREEVEY, et al.,            :
                                    :
            Defendants.             :
_____:

**APPEARANCES**:

Kevin Jackson, Pro Se
#207013/291833B
Bobby Brown, Pro Se
#249446/722093B
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

**COOPER**, District Judge

Plaintiffs, Kevin Jackson and Bobby Brown, currently incarcerated at the New Jersey State Prison, seek to bring this action pursuant to 28 U.S.C. §§ 1915(e) and 1915A, alleging violations of constitutional rights. Based upon their respective affidavits of indigence, the Court will grant Plaintiffs' applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of Court to file the complaint.[1]

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether Plaintiffs state cognizable claims or whether the complaint should be dismissed as

---

[1] The Court notes that because this case was filed prior to April 9, 2006, Plaintiffs are subject to a $250.00 filing fee.

frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, the complaint will be dismissed, without prejudice.[2]

## BACKGROUND

The following factual allegations are taken from the complaint and are accepted as true for purposes of this review.

Plaintiffs argue that changes in New Jersey state laws which affected awards of commutation credits violate the Ex Post Facto Clause of the Constitution and are unconstitutionally vague. Plaintiffs argue that, due to the state court's interpretation of these laws, they are being improperly denied commutation credit that they deserve.  They state that they must be awarded their commutation time on their "non-natural life sentences."

Plaintiffs ask for monetary damages for violations of their rights, and for the Court to enjoin the defendants from denying their commutation credit.

## DISCUSSION

**A.  Section 1915 Review**

The Prison Litigation Reform Act ("PLRA") was enacted "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are

---

[2] Plaintiffs also filed a motion for the appointment of counsel, which will be denied as moot.

routinely dismissed as legally frivolous." <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996).  A court, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

"A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions." <u>Id.</u>

**B.    <u>Section 1983</u>**

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that (1) he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United

3

States; and (2) the challenged conduct was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

**C.   Complaint Will Be Dismissed**

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  Id. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again,

4

the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

Plaintiffs' request that commutation credit be applied to their sentences affects the duration of their sentences and challenges the fact of their current confinement. Plaintiffs argue that they are entitled to a speedier release. Thus, in accordance with Preiser, their claims must be brought in a habeas petition pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies. Likewise, Plaintiffs' request for monetary damages is barred by Heck, until Plaintiffs receive a favorable outcome in their habeas case or otherwise have their claims adjudicated in their favor. Accordingly, Plaintiffs' claims are not cognizable and must be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge